# In the United States Court of Federal Claims

No. 25-1293

Filed: October 2, 2025

|  |  |
|---|---|
| MARCUS DESHAWN WRIGHT, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER

    Plaintiff Marcus Deshawn Wright, appearing *pro se*, has filed this civil action against the United States.  ECF No. 1.  Because Mr. Wright is currently incarcerated and has previously filed three or more complaints while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, he may not proceed *in forma pauperis*.  28 U.S.C. § 1915(g).  After giving Mr. Wright an opportunity to pay the fee, the court dismissed the complaint.  ECF Nos. 6, 8.  Mr. Wright now seeks reconsideration of that dismissal.  Because he does not provide any basis for reconsideration other than his disapproval of Congress's crafting of Section 1915(g), the court denies the motion.

    On August 6, 2025, the Clerk's Office notified Mr. Wright that he must either pay the court's filing fee or apply to proceed *in forma pauperis* to avoid dismissal.  ECF No. 5.  On August 19, 2025, the court determined that Mr. Wright could not proceed *in forma pauperis* under 28 U.S.C. § 1915(g) and that he must "pay the $405 filing fee on or before September 18, 2025."  ECF No. 6 at 2.  Mr. Wright is unable to procced *in forma pauperis* due to at least three prior complaints that courts dismissed as frivolous, malicious, or for failing to state a claim.  *Id*. at 1.  *See*, *e.g.*, Case No. 22-1764, ECF No. 6 at 1–2; *see also Wright v. United States*, No. 24-1234C, 2024 WL 3813535, at *1 (Fed. Cl. Aug. 14, 2024) (recognizing that Mr. Wright may not proceed *in forma pauperis* under 28 U.S.C. § 1915(g)).

    Finally, the court warned Mr. Wright that failure to pay the filing fee by September 18, 2025, would result in the dismissal of his complaint for failure to prosecute under Rule 41 of the Rules of the United States Courts of Federal Claims ("RCFC").  *Id.*  After Mr. Wright did not respond to the court's order to pay the fee, the court dismissed this case on September 22, 2025. ECF No. 8.  Mr. Wright now seeks reconsideration of the court's dismissal.

    Under Rule 59, the court "may grant a motion for reconsideration when there [is] . . . a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*,

818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)). That said, "[a] motion for reconsideration must also be supported 'by a showing of extraordinary circumstances which justify relief.'" *Biery*, 818 F.3d at 711 (quoting *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)). Such a motion is not intended to give "an unhappy litigant . . . an additional chance to sway the court." *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (quoting *Stueve Bros. Farms, LLC v. United States*, 107 Fed. Cl. 469, 475 (2012)), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018). "It is not sufficient for [parties] to reassert the same arguments they made in earlier proceedings, nor can [they] raise new arguments that could have been made earlier." *Lee*, 130 Fed. Cl. at 252; *see also Prati v. United States*, 82 Fed. Cl. 373, 377 (2008) ("It should be stressed that a motion for reconsideration is not a forum in which a losing party may re-argue its case.").

Mr. Wright raises several arguments for reconsideration. First, he asserts it is unjust to apply Section 1915(g) based on complaints that he filed twenty-five years ago. ECF No. 10 at 1; *see also id*. at 2-3. But Section 1915(g) does not support Mr. Wright's argument because Congress did not put any temporal limitation on the application of the provision. Instead, Section 1915(g) provides that a prisoner may not proceed *in forma pauperis* if "on 3 or more prior occasions" courts dismissed his lawsuits as frivolous, malicious, or for failing to state a claim. Here, Mr. Wright does not dispute that he has had at least three prior cases dismissed for one or more of these reasons. Nor does it matter that the cases that federal courts had dismissed were "postconviction litigation" matters. ECF No. 10 at 2.

Second, he contends that the court should not apply Section 1915(g) because, when he filed the prior lawsuits, he was incarcerated in a state, rather than federal, facility. ECF No. 10 at 1. Here too Section 1915(g) resolves the issue. Congress made no distinction regarding where a prisoner was incarcerated when he or she filed the prior lawsuits. Indeed, Section 1915(g) applies so long as the prisoner filed the prior cases "while incarcerated or detained in *any* facility." 28 U.S.C. § 1915(g) (emphasis added). What matters is that the prior cases were filed in federal court, *see id*., not whether the plaintiff was in state or federal prison.

Third, Mr. Wright appears to argue that he was mentally incompetent at the time he filed the prior lawsuits "due to the plaintiff's youthful age of only 19 and 20 years old." ECF No. 10 at 1; *see also id*. at 2. But there is no basis in law to conclude that anyone is mentally incompetent simply because he was nineteen or twenty years old. Although not entirely clear, Mr. Wright also attributes some amount of his claimed mental incompetence on inexperience with the law. *Id*. at 2. Again, there is no basis to conclude that he was in any way incompetent simply because he was not familiar with the law. And to the extent he asserts that he was mentally incompetent because he lacked legal assistance, that argument is similarly without merit. Nor does the fact that Mr. Wright is legally blind, *see id*. at 3, enter the determination.

Fourth, this court is not employing Section 1915(g) "for the sole purpose of protecting the opposing party (United States)." ECF No. 10 at 3. Who the defendant is in a case is not relevant to Section 1915(g). And Plaintiff's argument, if taken to its logical end, would mean that this court could never apply Section 1915(g) because the United States is the defendant in every case before this court. If Congress wanted to exempt cases against the United States from Section 1915(g), it would have done so. This court lacks discretion to ignore the plain language that Congress adopted in Section 1915(g).

Fifth, Mr. Wright's argument that applying Section 1915(g) to him would violate equal protection is unavailing.  *See* ECF No. 10 at 3.  The statute's prohibition on proceeding in federal court without paying the filing fee is based solely on a prisoner's conduct—filing at least lawsuits that a federal court determined were frivolous, malicious, or failed to state a claim—not anything about the prisoner that might implicate equal protection concerns.

Finally, Mr. Wright complains that the application of Section 1915(g) in his case is not fair.  ECF No. 10 at 4.  But his disagreement with the policy choice that Congress made is not an adequate ground for this court to disregard the plain command of Section 1915(g).

Because Mr. Wright has not identified a sufficient reason, the court **DENIES** his motion for reconsideration, ECF No. 10.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
